MYERS, P.J.,
for the Court.
¶ 1. Cathy Davis appeals the decision of the Bolivar County Circuit Court to grant summary judgment to Endevco, Inc. and dismissing the complaint. In this appeal Davis raises the following issue:
WHETHER THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING SUMMARY JUDGMENT AND DISMISSING THE CASE BASED ON ENDEVCO, INC. NOT OWING A DUTY OF CARE TO CATHY DAVIS.
¶ 2. Finding that Endevco did not owe a duty of care to Davis, we affirm.
FACTS
¶ 3. This case stems from an automobile accident in which Davis drove her vehicle into a collapsed bridge. The bridge was located on Bitter Creek Road, a rural, gravel road in Bolivar County, which crosses the Bogue Phalia. Prior to October 2000, the east end of the bridge began to sag and Bolivar County road foreman Aubrey Thomas placed an orange barrel to warn motorists of the danger. Within the next several months the bridge collapsed, leaving a hole in the road that was approximately four to five feet deep. Thomas, at this time, placed barricades and signs to inform drivers of the collapse. These signs did not meet the standards set forth in the 1989 Mississippi Standard Specifications for State Aid Roads and Bridge Construction (Green Book).
¶ 4. On September 21, 2000, a notice to contractors was issued by the county for bids to be submitted for the repair of four bridges in the county. The bridges were referred to as sites A, B, C, and D. Site A is the subject of the case sub judice. On November 6, 2000, a contract was executed with Endevco for the repairs to the four sites. The contract incorporated the contract documents and revisions, the 1989 Green Book, and the Manual of Uniform Traffic Control Devices (MUTCD).
¶ 5. Following the execution of the contract, on January 15, 2001, a notice to proceed was issued by the county to En-devco. The notice authorized Endevco to *932 begin work at any of the four project sites. Site A had already been closed by the county, while sites B, C, and D were open to the public. The county engineer, Robert E. Eley, did request that Endevco repair site A first. However, due to the necessary weather requirements for pouring concrete and the amount needed at site A, Endevco began work on the other three sites. Site C began in mid-January 2001, site B in March 2001, site C in late March 2001 and site A began in May 2001.
¶ 6. On March 28, 2001, the vehicle accident that is the subject of this litigation occurred. Davis was a passenger in the vehicle being driven by John Pearson, IV, and was injured when the vehicle was driven into the collapsed section of the bridge.
¶ 7. Davis filed suit against Endevco on February 27, 2004, asserting that Endevco had negligently failed to erect proper barricades, signs and other warning devices to warn of the collapsed bridge. Endevco filed an answer, on March 25, 2004, denying negligence and pleading the following affirmative defenses:
At the time of the accident in question Endevco, Inc. had not begun construction at site “A” and accordingly Endev-co, Inc. was not contractually obligated to provide a traffic control device at the time of the accident.
At the time of the accident in question, Endevco, Inc. was not exercising control over site “A” and for such reason it owed no duty to plaintiff or anyone else with respect to such site.
¶ 8. Discovery was limited to the issue of duty of care owed by Endevco to motorists. Endevco filed for summary judgment and a hearing was held on February 24, 2005, on the motion. At the conclusion of the hearing, the trial court granted summary judgment in favor of Endevco, holding that Davis failed to allege that Endev-co breached any duty.
STANDARD OF REVIEW
¶ 9. This Court has repeatedly stated the standard of review for denials of motions for summary judgment:
Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56© of the Mississippi Rules of Civil Procedure. This Court employs a de novo standard of review of a lower court’s grant or denial of a summary judgment and examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt.
Heigle v. Heigle, 771 So.2d 341, 345 (Miss.2000).
DISCUSSION
¶ 10. Davis argues that Endevco owed the traveling public a duty to erect signs and barricades to warn of the collapsed bridge upon the issuance of the notice to proceed and not upon the beginning of construction on the bridge. Davis argues that this duty arises from (1) the terms of the contract, (2) the relationship created *933 by the contract between Endevco and the traveling public and (3) public policy. We do not agree.
¶ 11. Davis’ complaint is based on a theory of negligence. In order for Davis to succeed on this theory she must demonstrate by a preponderance of the evidence (1) duty, (2) breach, (3) causation and (4) injury. Miss. Dep’t of Transp. v. Cargile, 847 So.2d 258, 262(¶ 11) (Miss.2003). To determine what if any duty Endevco owed to Davis we look to the language of the contract between Bolivar County and En-devco. In her appeal Davis has put forth three theories which she claims a duty arises requiring Endevco to erect warning signs and barricades and to close the bridge prior to the construction of the new bridge.
(1) Terms of the Contract
¶ 12. This Court has recognized that the cardinal rule of construction of a contract is to ascertain the mutual intentions of the parties. Hoerner v. First Nat’l Bank of Jackson, 254 So.2d 754, 759 (Miss.1971) (citing Rubel v. Rubel, 221 Miss. 848, 75 So.2d 59 (1954)). Intent should first be sought in an objective reading of the words employed in the contract. Cooper v. Crabb, 587 So.2d 236, 239, 241 (Miss.1991).
¶ 13. The relevant portion of the contract that pertains to the bridge in question is the Supplemental to Traffic Control Plan — Site “A.” In this supplemental it is stated: “The entire project shall be closed during construction.” (emphasis added). This sentence places the duty of closing the bridge to traffic by Endevco only during construction.
¶ 14. The supplemental also places the responsibility of inspecting the traffic control devices with the county engineer in the next to last paragraph which states:
Robert B. Eley, P.E., Bolivar LSBP Engineer, is hereby designated as the responsible person with regard to inspection of traffic control devices. Routine inspections of the traffic control devices shall be performed a minimum of once per week during the life of the project, regardless of construction activity. The contractor shall be required to correct any deficiencies noted.
The responsibility of evaluating the traffic control devices is that of the county. If the traffic control plan was deficient, Eley was to notify Endevco of the necessary changes. During the time between the notice to proceed, the accident and the construction beginning on the bridge no evidence was presented that Endevco was instructed to erect signs, barriers, or barricades.
¶ 15. When these two sections are read together, they instruct that at the time construction begins Endevco is to erect signs and barricades in accordance with the traffic control plan and that the county engineer is required to inspect and notify. Prior to construction beginning, the county was still responsible for warning the traveling public about the dangers of the bridge.
(2) Relationship between Endevco and Traveling Public
¶ 16. Davis argues that if the contract does not impose a duty, a duty arose out of the relationship the contract created between Endevco and the traveling public. We do not find that a relationship was created by the contract.
¶ 17. This Court has stated that the duty to warn the traveling public only arises when the road is under construction. Spoo v. T.L. Wallace Constr. Co., 858 So.2d 199, 204(¶ 23) (Miss.Ct.App.2003). Construction did not begin on the site until May 14, 2001, which is approximately six *934 weeks after the accident. Endeveo’s duty was to warn only when the bridge was under construction.
(3) Public Policy
¶ 18. Davis finally argues that, as a matter of public policy, states are required to develop and implement procedures that will assure the safety of motorists when road construction is underway by erecting traffic control signs and warning devices. As authority for this argument, Davis cites 23 CFR 685.108(b) which states:
Contracts for projects shall include provisions designed:
(b) To require that the contractor shall provide all safeguards, safety devices, and protective equipment and shall take any other actions reasonably necessary to protect the life and health of persons working at the site of the project and the safety of the public and to protect property in connection with the performance of the work covered by the contract.
This regulation does impose on the contractor the duty to provide safety devices and to protect the public, but only in connection with the performance of the work.
¶ 19. The contract between Endevco and Bolivar County does meet the requirements set out in 23 CFR 635.108(b). However, at the time of the accident no work had begun at the site and Endevco was under no duty to warn the public of the danger.
¶ 20. Furthermore, Endevco does not owe a duty as a matter of public policy because according to section 1 A.07 of the MUTCD, the “responsibility for the design, placement, operation, maintenance, and uniformity of traffic control devices shall rest with the public agency or the official having jurisdiction.” At the time of the accident Bolivar County was in control of the bridge site, not Endevco. Endevco did not owe a duty as a matter of public policy.
CONCLUSION
¶ 21. At the time of the accident, En-devco owed no duty to Davis to warn of the collapsed bridge. Such a duty does not arise until Endevco began actual construction of the new bridge and was in control of the site. The contract between Endevco and Bolivar County clearly provides that during construction Endevco is to erect signs and barricades to warn. There is no provision that would impose such a duty prior to the beginning of construction. Finding that Endevco owed no duty to Davis, we affirm the grant of summary judgment.
¶ 22. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.